**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEENE BUILDING PRODUCTS CO.,** | ) | Case No. 1:10 CV 1511 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STUC-O-FLEX INT'L, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are the following pending motions: Motion of Defendants Dan Johnson and Richard Dunstan to Dismiss for Lack of Personal Jurisdiction (**Doc #: 4**), and Motion of Defendant Stuc-O-Flex International, Inc. to Dismiss Count III of Plaintiff's Complaint (**Doc #: 5**), and Defendants' Motion to Strike Affidavit of Jim Keene (**Doc #: 13**).

For the following reasons, the Motion of Defendants Dan Johnson and Richard Dunstan to Dismiss for Lack of Personal Jurisdiction (**Doc #: 4**) is **GRANTED**; the Defendants' Motion to Strike Affidavit of Jim Keene (**Doc #: 13**) is **DENIED AS MOOT**; and the Motion of Defendant Stuc-O-Flex International, Inc. to Dismiss Count III of Plaintiff's Complaint (**Doc #: 5**) is **DENIED**.

**I.**

In June 2010, Plaintiff Keene Building Products Co. ("Keene"), an Ohio corporation engaged in the business of manufacturing sound and moisture control products, filed a case in Cuyahoga County Common Pleas Court against Defendants Stuc-O-Flex International, Inc.

("Stuc-O-Flex" or the "Corporation), a Washington corporation, and its owners Dan Johnson and Rich Dunstan (the "Individual Defendants").  (Doc #: 1-1.)  The Complaint alleges the following facts.

In 2006, Keene began to manufacture sound and moisture control products for Stuc-O-Flex pursuant to its design specifications.  (Id. ¶ 5.)  Over the next four years, and without any written or oral exclusive sales agreement between the parties, Keene sold and transferred title to approximately $1 million worth of custom-made products to Stuc-O-Flex which, in turn, sold and distributed those products to customers in the State of Ohio and elsewhere.  (Id. ¶¶ 6-9.)  As of April 29, 2010, Stuc-O-Flex owes Keene a total of $164,925.87, excluding interest, for products delivered.  Furthermore, Stuc-O-Flex owes Keene approximately $60,000 for Stuc-O-Flex products in its inventory.  Accordingly, Keene has filed claims against Stuc-O-Flex and its owners (pursuant to an alter ego theory) for breach of contract, unjust enrichment, fraudulent inducement to contract and misrepresentation, interference with contracts and business relationships, and defamation.

On July 8, 2010, Defendants removed the case to federal court based on diversity jurisdiction.  (Doc #: 1.)  Shortly thereafter, they filed an answer and counterclaim.  (Doc #: 7.) Therein, Defendants allege that, in 2003, Stuc-O-Flex had the exclusive right to sell and/or distribute certain Colbond products (presumably sound and moisture control products) in the states of Washington and Oregon.  (Id. ¶¶ 5.)  Keene, the former national marketing manager of Colbond, was aware of the exclusivity agreement – and represented over the next few years (in writing and otherwise) that it would provide Stuc-O-Flex with the same products at a better price with the exclusive right to sell those products in Washington and Oregon.  (Id. ¶¶ 6-7.)  In 2006,

Stuc-O-Flex took up Keene's offer and they embarked on the aforementioned relationship. (Id. ¶¶ 8-11.) In 2008, however, Stuc-O-Flex learned that Keene violated the exclusivity agreement by selling the same products in competition with Stuc-O-Flex in Washington and Oregon. (Id. ¶¶ 114-15.) As such, Stuc-O-Flex brings claims against Keene for breach of oral and implied contract, promissory estoppel and unjust enrichment.

## II.

On July 15, 2010, the Individual Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, arguing that, for a multitude of reasons, this Court lacks personal jurisdiction over them. (Doc #: 4.) Keene has filed an opposition brief (Doc #: 8), and the Individual Defendants have filed a reply brief (Doc #: 12). Having reviewed the briefs, the Court grants the motion for the following reasons.

Keene bears the burden of setting forth a *prima facie* showing of personal jurisdiction over the Individual Defendants. *Hitachi Med. Sys. Am, Inc. v. Branch*, No. 5:09cv1575, 2010 WL 816344, at *2 (N.D. Ohio Mar. 4, 2010) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The Court must look to the law of the forum state to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Here, the forum state is Ohio.

In Ohio, personal jurisdiction generally exists over a nonresident "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant [ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). It is compatible with due process, however,

"for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (citing *Patin v. Thoroughbred Power Boats Inc.,* 294 F.3d 640, 653 (5th Cir. 2002) (collecting cases)). This is so because "a corporation and its alter ego are the *same entity* – thus, the jurisdictional contacts of one are the jurisdictional contacts of the other for purposes of the *International Shoe* due process analysis." *Sys. Div., Inc. v. Teknek Elecs., Ltd.,* 253 Fed. Appx. 31, 37 (Fed.Cir. 2007) (emphasis in original). The exercise of personal jurisdiction over an alleged alter ego requires application of "a less onerous standard" than that necessary for piercing the corporate veil for liability purposes. *See Marine Midland Bank, N .A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981).

Under Ohio law, the corporate form may be disregarded and individuals held liable for corporate misdeeds "when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos*., 67 Ohio St.3d 274 (1993).

The first element of the *Belvedere* test is a restatement of the alter ego doctrine, which requires that plaintiff "show that the individual and the corporation are fundamentally indistinguishable." *Id*. In deciding whether the company is an alter ego of the individual, Ohio

courts consider such factors as:

> (1) grossly inadequate capitalization, (2) failure to observe corporate formalities, (3) insolvency of the debtor corporation at the time the debt is incurred, (4) shareholders holding themselves out as personally liable for certain corporate obligations, (5) diversion of funds or other property of the company property for personal use, (6) absence of corporate records, and (7) the fact that the corporation was a mere facade for the operations of the dominant shareholder(s).

*LeRoux's Billyle Supper Club v. Ma*, 77 Ohio App.3d 417 (1991).

While the *Belvedere* test remains controlling law as to the first and third prongs in Ohio, the Ohio Supreme Court recently clarified the second prong of that test in *Dombroski v. Wellpoint, Inc.*, 119 Ohio St.3d 506 (2008). There, the Ohio Supreme Court resolved a split in the interpretation of the second prong of the *Belvedere* test among several Ohio district courts of appeals by stating:

> [W]e hold that to fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant [ ] exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. Courts should apply this limited expansion cautiously toward the goal of piercing the corporate veil only in instances of extreme [ ] misconduct. The first and third prongs of the *Belvedere* test are not affected by this ruling and must still be met for a piercing claim to succeed.

*Dombroski*, 119 Ohio St.3d at 513. Finally, "because of the equitable nature of the veil-piercing doctrine, no list of factors can be exclusive or exhaustive." *Carter-Jones Lumber Co. v. LTV Steel Co.*, 237 F.3d 745, 749 (6th Cir. 2001) (applying Ohio law).

Importantly, however, jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation. *Hitachi Med. Sys.*, 2010 WL 816344, at *3 (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974)).

Here, Defendants do not challenge jurisdiction over the Corporation, only the Individual

Defendants.  The Court finds that Keene has failed to make the requisite showing under *Belvedere* for the following reasons.

Keene argues that the Court has jurisdiction over the Individual Defendants because Keene sells and transfers title to the manufactured sound and moisture control products to "the Defendants Stuc-O-Flex, Johnson, and Dunstan" within the State of Ohio, FOB shipping point; "the Defendants Stuc-O-Flex, Johnson, and Dunstan" sell the products to customers in the State of Ohio; "the Defendants Stuc-O-Flex, Johnson, and Dunstan" regularly solicit customers in the State of Ohio; and "the Defendants Johnson and Dunstan individually and on behalf of Defendant Stuc-O-Flex" fraudulently induced Keene to continue manufacturing and delivering sound and moisture control products to Stuc-O-Flex knowing that it had no intent to pay for those products.  The last of these arguments barely suffices to pass the second prong of the *Belvedere* test (i.e., control over the corporation by the Individual Defendants was exercised in such a manner as to commit fraud against Keene).  *Dombroski*, 119 Ohio St.3d at 513.

However, all the allegations taken together are woefully insufficient to pass the first prong of the *Belvedere* test.  Keene has failed to show, let alone assert, that Stuc-O-Flex is grossly inadequately capitalized, that the Individual Defendants have failed to observe corporate formalities, that Stuc-O-Flex was insolvent at the time it ordered product, that the Individual Defendants held themselves out as personally liable for corporate obligations, that the Individual Defendants diverted funds or other company property to their own use, the absence of corporate records, etc.  *LeRoux's Billyle Supper Club v. Ma*, 77 Ohio App.3d at 417.

Because Keene has failed to make the requisite *prima facie* showing that the Court has

-6-

personal jurisdiction over the Individual Defendants, the Motion of Defendants Dan Johnson and Richard Dunstan to Dismiss for Lack of Personal Jurisdiction (**Doc #: 4**) is GRANTED and Defendants Johnson and Dunstan are hereby **DISMISSED**.  The Defendants' Motion to Strike Affidavit of Jim Keene (**Doc #: 13**) is **DENIED AS MOOT**.

The Court held a teleconference with counsel of record prior to conducting the Case Management Conference on September 14, 2010 to announce its ruling on this motion prior to filing a written opinion.  The Court gave Keene the opportunity to dismiss its case without prejudice and refile it against the Corporation and the Individual Defendants in the State of Washington – where the district court undoubtedly has personal jurisdiction over all the Defendants.  After discussing the matter with his client, counsel for Keene informed the Court that Keene decided to litigate its case against Stuc-O-Flex alone in this district court.

### III.

Next, the Court must address the Motion of Defendant Stuc-O-Flex International, Inc. to Dismiss Count III of Plaintiff's Complaint.  (Doc #: 5).  The Court has reviewed this motion, Keene's opposition brief (Doc #: 9) and Stuc-O-Flex's reply brief (Doc #: 11).  Having reviewed the motion and briefs, the Court denies the motion for the following reason.

Count III of the complaint alleges a claim for fraudulent inducement.  Therein, Keene alleges that Stuc-O-Flex deliberately induced Keene to continue manufacturing and delivering product to Stuc-O-Flex when there was no present intent to pay Keene for those products. Furthermore, Stuc-O-Flex deliberately ran up Keene's inventory with absolutely no intention to pay Keene for its work.  Keene has attached to the complaint an invoice to Stuc-O-Flex for delivered product dated April 29, 2010 in the amount of $164,925.87, and alleges that Stuc-O-

Flex owes it $60,000 more for custom-made product presently in Keene's inventory.

Stuc-O-Flex alleges, in the Counterclaim, that it first learned that Keene was competing for its business in Washington and Oregon at the end of 2008. It appears, however, that the relationship between these parties continued for a significant period of time after this alleged discovery.

Taken together, the allegations suggest that Stuc-O-Flex may have fraudulently induced Keene to continue manufacturing product to Stuc-O-Flex's specifications long after Keene entered into competition with it, with no intention to pay. Accordingly, the Court **DENIES** the Motion of Defendant Stuc-O-Flex International, Inc. to Dismiss Count III of Plaintiff's Complaint. (**Doc #: 5**).

## IV.

Based on the foregoing, the Motion of Defendants Dan Johnson and Richard Dunstan to Dismiss for Lack of Personal Jurisdiction (**Doc #: 4**) is **GRANTED**; the Defendants' Motion to Strike Affidavit of Jim Keene (**Doc #: 13**) is **DENIED AS MOOT**; and the Motion of Defendant Stuc-O-Flex International, Inc. to Dismiss Count III of Plaintiff's Complaint (**Doc #: 5**) is **DENIED**

    **IT IS SO ORDERED.**

                                 */s/Dan Aaron Polster 9/23/10*
                                 **Dan Aaron Polster**
                                 **United States District Judge**